In re YOUNG.

REYNOLDS v. DAVITTE.

(District Court, N. D. Georgia. April 11, 1913.)

No. 18, in Equity.

BANKRUPTCY (§ 302*)—ACTION BY TRUSTEE—RECOVERY OF PROPERTY SOLD.

Bankrupt, as a member of a partnership conducting a soda fountain business, joined in a sale of the stock and fixtures to the father-in-law of his partner, and retired from the business, which was continued by his former partner alone, but in the firm name. *Held*, that the fact that such partner thereafter contracted indebtedness on the strength of his possession of the property afforded no ground for attacking the validity of the sale by the bankrupt or his trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 456, 457; Dec. Dig. § 302.*]

In Equity. Suit by Hugh T. Reynolds, trustee in bankruptcy of D. H. Young, against J. S. Davitte. On demurrer to bill. Sustained.

Dean & Dean and J. M. Hunt, all of Rome, Ga., for trustee.
Maddox & Doyal, of Rome, Ga., for defendant.

NEWMAN, District Judge. This is a petition by Hugh T. Reynolds, trustee in bankruptcy of D. H. Young, seeking to set aside a sale of certain soda fountain apparatus and other property from Burnett & Young to J. S. Davitte (Burnett and Young each having signed the bill of sale to J. S. Davitte individually). It seems from the allegations of the petition and the conceded facts that on and before September 8, 1910, B. F. Burnett and D. H. Young were doing business as partners under the name of Burnett & Young, making and selling cold drinks and operating a general soda fountain business in the town of Rockmart, Ga. On said date, September 8, 1910, Burnett & Young sold out their entire stock, business, and fixtures to J. S. Davitte, of Rockmart, Ga., giving him a bill of sale signed in their individual names, as above stated. It further appears that on the date of this sale D. H. Young retired from the business, and the same was continued by Burnett under the firm name of Burnett & Young. Burnett is alleged to be the son-in-law of Davitte.

The ground now relied upon to set aside this sale seems, as I gather it, to be that Davitte left this property, the soda fountain, etc., in the possession of Burnett, and that Burnett created a large amount of

debts, amounting in all to $3,649.34, and as I further understand it credit was given for this amount on the strength of the possession by Burnett of this property. I do not see how the trustee in bankruptcy of Young can make this question in this way. Young concededly was not using the property after September 8, 1910, and the only way in which he could become liable at all for these debts would be upon the ground that he continued to allow Burnett to use his name. The possession of the property had nothing to do with that, and it seems to me to be a matter not at all germane to the Young bankruptcy proceeding. Young was not in possession of the property, and whoever was deceived was deceived by the conduct of Burnett and Davitte.

It would certainly be necessary for it to be determined that Young was liable for the debts made after he withdrew from the business. He cannot by putting them in his schedule of liabilities enable his trustee in this way to attack a situation that existed as between Burnett and Davitte. It is stated in the amended petition by Reynolds, trustee, filed November 21, 1912, that the debts created after September 8, 1910 ($3,649.34), "was created by Burnett doing business in the firm name of Burnett & Young," and "at which time D. H. Young became physically retired, and as a matter of fact actually retired, from the business of Burnett & Young, and ceased all connection therewith; that is between himself and Burnett and Davitte, and he was no longer a member of the firm." The creditors whose debts were created prior to September 8, 1910, would depend, as to this property, on the bona fides of the sale from Burnett & Young to Davitte, whether it was for a present consideration and made in good faith. Any rights of the creditors whose debts were created after September 8, 1910, as to this soda-fountain, etc., would only exist by reason of the fact that Davitte allowed it to remain in Burnett's possession, thereby causing persons giving credit to believe it still belonged to Burnett. According to the pleadings, it never was in Young's possession after the date named and after he retired from the business. Any rights against him, as I have already stated, would depend upon the use of his name, and not upon the retention of possession of the property.

Reynolds, standing in Young's shoes, would not have any rights at all, because Young clearly, on the pleadings here, would have no. right to rescind or to recover the property in question. It is only as the representative of creditors that he would have any rights at all, and acting in that capacity I do not think he has any rights for the reasons stated.

The foregoing is without reference to the defense made that the bill of sale for personalty was not required to be recorded under the laws of Georgia, but that its record is simply permissible.

I do not think this petition can be maintained, and the demurrer to it is sustained.